502 P.2d 1337

**The STATE of Arizona, Appellee,**

v.

**Reyes Marrufo VILLAVICENCIO, Appellant.**

**No. 2298.**

Supreme Court of Arizona, In Banc.

Nov. 20, 1972.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by William C. Blakley, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from jury verdicts and judgments of guilt to the crimes of possession of heroin for sale, § 36–1002.01 A.R.S. and possession of marijuana, § 36–1002.05 A.R.S.

We are called upon to determine:

1. whether the State failed to present sufficient facts to show constructive possession plus actual knowledge of narcotics which were found in a box on the open back porch of the defendant's apartment, and

2. whether it is relevant and proper to show that a person in possession of a large quantity of narcotics is not himself a user of narcotics when the defendant is accused of possession for sale.

The facts necessary for a determination of this matter on appeal are as follows. At the defendant's trial, the State's case was based on the testimony of three Phoenix police officers and a criminalist for the City of Phoenix. All three of the police officers participated in a search of the defendant's apartment. Directly behind defendant's row of apartments is a row of apartments similar to the defendant's. One officer testified that the area between the two rows of apartments was "completely open and accessible to anybody who would want to walk through." The narcotics were found at the bottom of a cardboard box containing discarded children's clothing a few inches from the back wall of the apartment and next to a concrete block partition on an open "porch" or concrete slab next to the back door of the apartment. Following the presentation of the State's case-in-chief, the defendant's motion for a directed verdict was denied. Villavicencio took the stand in his own behalf and denied any knowledge of the narcotics. The defendant's wife also testified as did the defendant's next door neighbor. The jury returned verdicts finding the defendant guilty as to both offenses. Because the State of California wanted the defendant returned for parole violation and further incarceration, the trial court suspended the imposition of sentences and placed the defendant on probation for five years on count one and one year on count two.

## POSSESSION OF THE NARCOTICS—MOTION FOR DIRECTED VERDICT

It is the defendant's contention that the State failed to prove or raise an inference of possession or constructive possession with actual knowledge of the presence of the unobviously placed narcotics that were discovered on his back porch and that therefore the court erred in denying defendant's motion for directed verdict.

In the case of Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962), we held that the crime of possession of narcotics requires physical possession or constructive possession with actual knowledge of the presence of the narcotic substance. Constructive possession is generally applied to those circumstances where the drug is not found on the person of the defendant nor in his presence, but is found in a place under his dominion and control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the narcotics. Exclusive control of the place in which the narcotics are found is not necessary.

In the instant case, while it is true that the open back porch was accessible to those using the area between the two rows of apartments, nevertheless both the cardboard box containing the narcotics and its location were under the dominion and control of the defendant and under circumstances from which the jury could find that he knew of the existence of the narcotics:

"Unlawful possession of narcotics is established by proof that the accused exercised dominion and control over a substance, that he had knowledge of its presence, and that he had knowledge that the substance was a narcotic. (citations omitted) Constructive possession is all that is necessary, and this may be proved by circumstantial evidence. (citations omitted) These holdings by the California courts are consistent with the pronouncements of this Court as to the elements required for a conviction for possession of narcotics. See State v. Quinones, 105 Ariz. 380, 465 P.2d 360 (1970); State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (1962)." State v. Arce, 107 Ariz. 156, 160, 483 P.2d 1395, 1399 (1971).

We find that the jury could reasonably find from the evidence that the defendant was guilty of possession of heroin for sale and possession of marijuana, and hold that the trial court did not err in denying the motion by the defendant for a directed verdict.

## FAILURE TO GRANT MISTRIAL AFTER PROSECUTOR'S INFERENCE THAT PERSONS WHO ARE NOT SELLERS ARE USERS

The County Attorney in questioning one of the police officers asked about his experience in making heroin arrests and asked the officer what "tracks" were. The officer answered that the term was street jargon referring to scar tissue which is formed at the site of an injection. The officer then testified that the defendant did not have any such marks on his arms at the time of arrest. The prosecutor then asked:

"Q * * * With respect to those individuals which had pending charges for Possession of Heroin For Sale and Possession of Heroin—with respect to convictions, how many of those did you have occasion to observe their arms?

"MR. SMITH: I'll have to object. I believe this is highly improper.

"THE COURT: Yes, this will be sustained.

"Q BY MR. McCOWAN: Is it uncommon to find a person who is selling or . . .

"MR. SMITH: Same objection.

"Q BY MR. McCOWAN: . . . Or has narcotics for sale . . .

"THE COURT: He may answer.

"Q BY MR. McCOWAN: . . . to find they do not have needle marks or paraphernalia upon their person or in their possession?

"MR. SMITH: I'd like to make my objection for the record.

"THE COURT: All right.

"MR. SMITH: I believe this is highly prejudicial and its completely irrelevant.

"THE COURT: Make the objection.

"MR. SMITH: It's irrelevant to the issue here and it's incompetent and doesn't tend to prove any of the charges involved here and we are getting into the realm here of complete speculation and I appreciate the officer's experience, but this is not competent evidence on which —that is should be admissible.

"THE COURT: Well, I'll sustain the objection to the last question."

Following this line of questioning, the defendant moved for a mistrial. The motion was denied. No further questions were asked concerning this subject. We have stated:

"In order to convict on the more serious offense of possession of narcotics *for sale,* the prosecution must not only establish the elements required for a conviction for possession, as set forth above but must also show that the possession was for the purpose of sale. Circumstantial evidence may be used to show that the accused possessed the narcotics for sale rather than for his individual use. For example, in People v. Robbins, 225 Cal. App.2d 177, 37 Cal.Rptr. 244 (1964), the court stated that the large amount of heroin involved, plus the fact that it was packaged in eleven separate containers, supported the inference that it was possessed for sale rather than for personal use. Also, in People v. Campuzano, 254 Cal.App.2d 52, 61 Cal.Rptr. 695 (1967), the court stated that the quantity and quality of the heroin and the nature of its packaging and location reasonably supported the inference that it was held for sale." State v. Arce, supra, 107 Ariz. 156 at 160, 483 P.2d 1395 at 1399.

In the instant case, the defendant was shown to be in possession of eighteen individual packets of heroin. We believe that once possession is shown the fact that the defendant is a non-user of narcotics may also be shown and this then is a circumstance from which the jury may reasonably and logically infer that the possession is for sale. The motion for mistrial was properly denied.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.