504 P.2d 955

**STATE of Arizona, Appellee,**

v.

**John L. BALLINGER, Appellant.**

**No. I CA–CR 381.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 9, 1973.

Rehearing Denied Feb. 15, 1973.

Review Denied March 20, 1973.

Gary K. Nelson, Atty. Gen. by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

JACOBSON, Chief Judge.

The defendant John L. Ballinger appeals from a jury verdict and judgment of guilty to the crime of possession of marijuana, A.R.S. § 36–1002.05, and possession of heroin for sale, A.R.S. § 36–1002.02, and from sentences thereon.

A purported family dispute began the chain of events which led to this appeal. Sometime late at night on June 15, 1969, two officers of the Phoenix Police Department, responding to a telephone call advising them of a family squabble taking place, visited the defendant's home. Although no arrests or charges of any kind were made by the police officers at the time, one of the officers while making a cursory search for a deadly weapon spotted a marijuana "roach" in an ash tray behind a bar. The officer took the roach and handed it to the other officer, although without the rolling paper which had somehow been lost or destroyed. The following day Officer Kenner, who had been briefed by the two investigating officers on the events of the previous evening at the home of the defendant, obtained a search warrant.

This search warrant was served that same afternoon at approximately 2:00 p. m. When the officers approached the home of Mr. Ballinger they saw him standing outside. The officers informed the defendant of their purpose and directed him to enter the house which at that time was empty of persons. Upon entering, the officers observed a grocery sack and several articles a few feet from the door. This grocery sack and these articles were found to contain a considerable quantity of marijuana, heroin, and procaine. The defendant's home was further searched, and the officers found a portion of a marijuana cigarette. The defendant was immediately arrested,

**34**

although he denied all knowledge of the presence of the narcotics.

The defendant was tried, convicted, and sentenced at his fourth trial, the first three having resulted in mistrials, directed upon defendant's motion and without any fault on his part.

On appeal, the defendant presents the following questions:

1. whether the search warrant was valid;

2. whether the prosecution failed to prove or raise an inference of possession or constructive possession with actual knowledge of the presence of the narcotics;

3. whether the trial court erred in denying the defendant's motion to present his plea of former jeopardy to the jury or to have the jury decide whether allegedly prejudicial remarks of the prosecutor during closing argument at a previous trial were intentionally made; and,

4. whether the trial court erred in including a verdict of possession of heroin when possession for sale was charged, and instructing the jury thereon.

The defendant contends that the search warrant obtained by Officer Kenner was invalid because the officers had obtained the marijuana roach through an unlawful search, and because it was based in part on certain matters which were told to the magistrate that were not contained in the affidavit and were not recorded by the magistrate.

■ In our opinion, the initial seizure of the marijuana roach was valid, since "a police officer legally inside a dwelling may seize whatever illegally possessed items he observes." State v. Anderson, 15 Ariz. App. 464, 466, 489 P.2d 722, 724 (1971). The investigating officers were lawfully in-

side the defendant's home when one of them observed a marijuana roach in an ash tray which was in plain sight. Once lawfully inside, a police officer "who, from [his] location, can, by the mere act of looking, observe what he believes to be contraband, is '. . . not required to close [his] eyes and need not walk out and leave the article where [he] saw it.'" State v. Pine, 8 Ariz. App. 430, 434, 446 P.2d 940, 944 (1968), cert. denied, 395 U.S. 962, 89 S.Ct. 2103, 23 L.Ed.2d 747 (1969); Davis v. United States, 327 F.2d 301, 305 (9th Cir. 1964); State v. Anderson, *supra*. This was not a search but simply a lawful seizure of contraband.[1]

■ Further, "a search warrant is presumed to be valid and . . . in determining whether the magistrate had probable cause in issuing the search warrant, other circumstances made known to the magistrate under oath, in addition to the assertions contained in the supporting affidavit, may be considered." State v. Van Meter, 7 Ariz.App. 422, 426, 440 P.2d 58, 62 (1968); Sherrick v. Eyman, 389 F.2d 648 (9th Cir. 1968), cert. denied, 393 U.S. 874, 89 S.Ct. 167, 21 L.Ed.2d 144 (1968); State v. Dudgeon, 13 Ariz.App. 464, 477 P.2d 750 (1970). An affidavit may be supplemented by verbal information given to the magistrate under oath. State v. Snyder, 12 Ariz. App. 142, 468 P.2d 593 (1970), cert. denied, 400 U.S. 1001, 91 S.Ct. 475, 27 L.Ed.2d 452 (1971); State v. Greenleaf, 11 Ariz.App. 273, 464 P.2d 344 (1970). There is no requirement that such verbal information given to the magistrate under oath be included in the affidavit. *See*, State v. Watling, 104 Ariz. 354, 453 P.2d 500 (1969).

■■ In reviewing the required showing of probable cause upon which the issuance of a search warrant may be founded, a judicial determination of probable cause will be upheld if there was "substantial

---

1. "Probably a more compelling reason for upholding this search is the possible danger to police officers inherent in a situation with two police officers inside a small apartment with five other people. Courts must be careful not to prohibit police officers from taking necessary steps in

protecting themselves and their colleagues." State v. Anderson, *supra*, 15 Ariz.App. at 466, 489 P.2d at 724. Here four persons were present at the defendant's home when the officers visited on the evening of June 15, 1969.

basis" for the magistrate's finding of probable cause. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 14 L.Ed.2d 697 (1960). We are of the opinion that substantial basis existed for the issuance of the search warrant, and that the warrant was valid in all regards concerning which the defendant complains. *See*, State v. Adams, 18 Ariz.App. 292, 501 P.2d 561 (1972).

█ Next, the defendant contends that the State failed to prove or raise an inference of possession or constructive possession with actual knowledge of the presence of the narcotics found a few feet from the door inside the defendant's home, and therefore, the trial court erred in denying defendant's motion for a directed verdict of acquittal. The crime of possession of narcotics requires either actual physical possession or constructive possession with actual knowledge of the presence of the narcotic substance. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962); *see*, Anno., Narcotic—Possession—What Constitutes, 91 A.L.R.2d 810 (1963). Constructive possession "is generally applied to those circumstances where the drug is not found on the person of the defendant nor in his presence, but is found in a place under his dominion and control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the narcotics [2]." State v. Villavicencio, 108 Ariz. 518, 502 P.2d 1337 (filed November 20, 1972); Carroll v. State, *supra*. Such constructive possession may be proved by circumstantial evidence. State v. Arce, *supra*; accord, State v. Quinones, 105 Ariz. 380, 465 P.2d 360 (1970); State v. Riley, 12 Ariz.App. 336, 470 P.2d 484 (1970).

█ The evidence shows that the defendant had been at the house during the previous night, that the house was defendant's current dwelling, and that the narcotics were found under circumstances from which the jury could find that the defendant knew of their existence. We are of the opinion that from the evidence the jury could reasonably find that the defendant was guilty of possession of narcotics, and therefore, hold that the trial court did not err in denying the defendant's motion for a directed verdict. *See*, State v. Villavicencio, *supra*; State v. Laurino, 108 Ariz. 82, 492 P.2d 1189 (1972).

The third question presented for review is grounded on A.R.S. § 13–1592 (1967) which provides in pertinent part that:

"An issue of fact arises in a criminal action upon a plea of . . . once in jeopardy, and the issue of fact shall be tried by a jury." [3]

The defendant argues that the trial court erred in not submitting the issue of former jeopardy to the jury in violation of A.R.S. § 13–1592 after the defendant had been granted a mistrial at a previous trial when the prosecutor made allegedly prejudicial remarks in closing argument.

The Arizona Supreme Court has stated that:

"A.R.S. § 13–1592 does not, however, require a finding by the jury in every case in which a plea of double jeopardy is interjected. If the previous prosecution could not constitute double jeopardy as a matter of law, the trial court may so rule without presenting the plea to the trier of fact." State v. Woodring, 95 Ariz. 84, 85, 386 P.2d 851, 852 (1963).

In order to determine whether the trial court erred in denying the defendant's motion we must determine whether the prosecutor's allegedly prejudicial remarks at the

---

2. More specifically, the Arizona Supreme Court has stated that, "Unlawful possession of narcotics is established by proof that the accused exercised dominion and control over a substance, that he had knowledge of its presence, and that he had knowledge that the substance was a narcotic." State v. Arce, 107 Ariz. 156, 160, 483 P.2d 1395, 1399 (1971); State v. Villavicencio, *supra*.

3. But see Rules 169(A)(f) and 173, Rules of Criminal Procedure, 17 A.R.S.

previous trial which necessitated a subsequent trial constituted double jeopardy as a "matter of law." State v. Woodring, *supra.*

■ There is a growing body of authority in support of the proposition that deliberate and intentional misconduct of a prosecutor which compels the accused to move for a mistrial so violates the protective policy of the constitutional guarantee against being twice placed in jeopardy that retrial is barred. Muller v. State, 478 P.2d 822 (Alaska 1971); Commonwealth v. Wright, 439 Pa. 198, 266 A.2d 651 (1970); Commonwealth v. Warfield, 424 Pa. 555, 227 A.2d 177 (1967); United States ex rel. Montgomery v. Brierley, 414 F.2d 552 (3rd Cir. 1969), cert. denied, 399 U.S. 912, 90 S.Ct. 2206, 26 L.Ed.2d 566 (1970); see, Note, Double Jeopardy: The Reprosecution Problem, 77 Harv.L.Rev. 1272 (1964). These decisions stem from the United States Supreme Court opinions in Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), and Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).[4]

Chief Justice Boney of the Alaska Supreme Court stated the compelling policies behind this principle as follows:

"There may be instances, however, where double jeopardy will preclude a second trial. There is nothing absolute in the law, and, like all rules, the rule permitting reprosecution of a defendant where his mistrial was declared pursuant to a manifest necessity is not flawless. Ultimately, our inquiry must be directed to the question whether a retrial would result in the kind of harassment and oppression against which the double jeopardy provision is meant to protect.

"Instances of deliberate prosecutorial misconduct are particularly subject to scrutiny. Oppression will be most acute where a prosecutor deliberately precipitates a mistrial in a case which is going badly in order to allow himself, at a later time, either to present a better case or simply to harass the defendant with another prosecution.

"The greater the prosecutor's effort to inject a trial with prejudicial error, the more manifest becomes the necessity for dismissing the jury, and the more likely becomes the possibility that the defendant will be forced to request a mistrial. Under these circumstances, to adhere to the general rule allowing retrial where the mistrial is the result of a manifest necessity would lead to harsh and oppressive consequences. Thus, in cases where it is clear that the prosecutor, motivated by a desire to avoid an acquittal in a case which is going badly, engages in purposeful misconduct which forces the court to declare a mistrial, the policy of protecting an accused individual from harassment by consecutive prosecution may demand that a retrial be barred, even though the mistrial was manifestly necessary." Muller v. State, *supra*, 478 P.2d at 827.

■ In order to reach this determination in this case, it is necessary to review the record of the previous trial in whole and reconstruct the course of the prosecutor's case to determine whether the remarks were intentionally and deliberately made in order to secure "another, more favorable opportunity to convict the accused." Gori v. United States, *supra.* We are unable, however, to proceed with this task, since the defendant has not forwarded a transcript of the previous trial. Without a transcript on record, we are unable to review with due and full consideration the issue presented. Lawless v. St. Paul Fire &

4. The High Court's opinion in United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), further approved this principle when Mr. Justice Harlan wrote, "Conversely, where a defendant's mistrial motion is necessitated by judicial or prosecutorial impropriety designed to avoid an acquittal, reprosecution might well be barred. Cf. United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964), at 468 n. 3; n. 11, supra." 400 U.S. at 485, fn. 12, 91 S.Ct. at 557.

Mar. Ins. Co., 100 Ariz. 392, 415 P.2d 97 (1966). Here there is no transcript or any other evidence of the previous trial upon which we could base a decision.[5] State v. Moore, 108 Ariz. 532, 502 P.2d 1351 (filed Nov. 22, 1972); Mantovani v. Green, 90 Ariz. 376, 368 P.2d 448 (1962); Deisler v. Stevens, 77 Ariz. 16, 266 P.2d 738 (1954).

We are aware that "the reviewing court must consider questions of law which are raised by the partial record transmitted to the court," but in the instant case none "of the *essential* evidence pertaining to the issues raised on appeal" has been transmitted for appellate review. Orlando v. Northcutt, 103 Ariz. 298, 300, 441 P.2d 58, 60 (1968) (emphasis in opinion); *see*, Riley v. Jones, 6 Ariz.App. 120, 430 P.2d 699 (1967), and Chemi-Cote Perlite Corp. v. Harborlite Corp., 4 Ariz.App. 268, 419 P.2d 398 (1966). Therefore, we are unable to rule on the correctness of the trial court's denial of the defendant's motion to submit the issue of former jeopardy to the jury in accordance with A.R.S. § 13–1592. Under such circumstances, the trial court's ruling must be sustained. *See*, Hurst v. Lakin, 13 Ariz. 328, 114 P. 950 (1911).

■ Lastly, the defendant contends that the trial court erred in including a verdict of illegal possession of heroin when the charge was possession of heroin for sale, after instructing the jury that the crime of possession for sale includes the lesser offense of possession of heroin, all over the defendant's objection. Possession of heroin is a lesser included offense of the greater offense of possession of heroin for sale, since the second cannot be committed without necessarily committing the first. State v. Carpenter, 1 Ariz.App. 522, 405 P.2d 460 (1965); State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619 (1954). The defendant cites no authority for his argu-

ment, and we have found none. Inclusion of a lesser offense in a guilty verdict of the greater offense is not violative of due process where the evidence reasonably supports the lesser offense. The trial court has the "duty to instruct the jury on every grade of offense reasonably supported by the evidence and conversely, to refuse to instruct as to the other grades of the offense not reasonably supported by the evidence." State v. Dixon, 107 Ariz. 415, 420, 489 P.2d 225, 230 (1971); State v. Prewitt, 104 Ariz. 326, 452 P.2d 500 (1969); State v. Sorensen, 104 Ariz. 503, 455 P.2d 981 (1969).

We are of the opinion that the evidence reasonably supports the lesser offense of possession of heroin, and both as a matter of fact and of law, the trial court did not commit the error assigned by the defendant. State v. Dixon, *supra*.

For the foregoing reasons, the guilty judgment and sentences are affirmed.

EUBANK and HAIRE, JJ., concur.

---

5. The only evidence which we have is defendant's statement in his opening brief that, "[the prosecutor] told the jury that his office knew the defendant was a big pusher of narcotics." This is not enough to determine whether the comment was intentionally made to abort the trial. In this

regard, the holding of State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962), cert. denied, 372 U.S. 920, 83 S.Ct. 735, 9 L.Ed. 2d 726 (1963), has been shadowed by Downum v. United States, *supra*, and United States v. Jorn, *supra*.