NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE LEGAL
PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DARRICK MICHAEL LOFF, *Appellant.*

No. 1 CA-CR 13-0535
FILED 4-29-2014

---

Appeal from the Superior Court in Yavapai County
No.  V1300CR201180595
The Honorable Michael R. Bluff, Judge

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz

*Counsel for Appellee*

C. Kenneth Ray II PC, Prescott
By C. Kenneth Ray, II

*Counsel for Appellant*

Darrick Michael Loff, Florence

*Appellant*

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Maurice Portley joined.

**N O R R I S,** Judge:

**¶1**        Darrick Michael Loff appeals from his convictions and sentences for one count of offering to sell narcotic drugs (oxycodone), a class 2 felony; one count of offering to sell marijuana (less than 2 pounds), a class 3 felony; one count of possession of narcotic drugs (oxycodone), a class 4 felony; and one count of possession of marijuana (less than 2 pounds), a class 6 felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Loff's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Loff to file a supplemental brief *in propria persona*, and Loff did so. We reject the arguments raised by Loff in his supplemental brief and, after reviewing the entire record, find no fundamental error. Therefore, we affirm Loff's convictions and sentences as corrected to reflect the dismissal of a criminal trespass charge with prejudice and a one-day increase in his presentence incarceration credit.

**FACTS AND PROCEDURAL BACKGROUND[1]**

**¶2**        In 2006, Paul S. purchased a residence from Loff's step-father. Paul S. moved out of the residence in November 2011 because he was unable to make the mortgage payments; however, he continued to own the residence and left some of his belongings there.

**¶3**        On December 24, 2011, Loff approached Paul S. while Paul S. was grocery shopping. Loff informed Paul S. he was living in the residence and asked Paul S. if he wanted to buy marijuana or pain killers. Paul S. called a Camp Verde Marshal's Office deputy with whom he was acquainted, Deputy Travis T. Deputy Travis T. and Sergeant Brian A.

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Loff. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

arrived at the grocery store, took Paul S.'s statement, and accompanied Paul S. to the residence. Paul S. granted the marshals permission to enter and search the residence. In one of the bedrooms, the marshals found a bong containing marijuana residue and, in a duffel bag, found marijuana, oxycodone pills, and other items of paraphernalia. Paul S. testified he had never seen the duffel bag before.

¶4 Later that day, a man flagged down Deputy Travis T. while he was on patrol. The deputy stopped, and the man essentially told him he had gone into the house and discovered his drugs were missing and also that he suspected the police had been in the house and were probably looking for him. The deputy confirmed the man was Loff and arrested him. Subsequently, a grand jury indicted Loff on charges relating to the offer to sell the oxycodone and marijuana as well as possession of both drugs and drug paraphernalia.[2]

¶5 At trial, Loff acknowledged speaking with Paul S. at the grocery store on December 24, 2011, but he denied offering to sell him any drugs. In addition, he testified that although he had spent the night of December 23, 2011 at the residence, neither the duffel bag nor its contents belonged to him.

¶6 Loff also testified he had three prior felony convictions. The jury acquitted Loff of possession of paraphernalia but found him guilty on the remaining counts. The superior court sentenced Loff as a category three repetitive offender, *see* Ariz. Rev. Stat. ("A.R.S.") §§ 13-105(22) (Supp. 2013), 13-703(C) (Supp. 2013),[3] and sentenced him to the presumptive term of imprisonment on all counts, *see* A.R.S. § 13-703(J), to

---

[2]The grand jury also indicted Loff on one count of criminal trespass. On the first day of trial, and on the State's motion, the court dismissed that charge with prejudice. The April 10, 2012 trial minute entry and the June 4, 2012 sentencing minute entry state, however, that the dismissal of the criminal trespass charge was without prejudice. Because the trial transcript clearly reflects the dismissal was with prejudice, we correct the trial and sentencing minute entries to reflect dismissal of the criminal trespass charge with prejudice.

[3]Although the Arizona Legislature amended certain statutes cited in this decision after the date of Loff's offenses, the revisions are immaterial. Thus, we cite to the current version of the statutes.

be served concurrently, and granted him 162 days of presentence incarceration credit.[4]

## DISCUSSION

I.      Supplemental Brief

¶7          Loff essentially argues on appeal that the State presented insufficient evidence at trial to sustain the guilty verdicts.

> We review the sufficiency of the evidence by determining whether substantial evidence supports the jury's finding, viewing the facts in the light most favorable to sustaining the jury verdict. Substantial evidence is proof that reasonable persons could accept as adequate . . . to support a conclusion of defendant's guilt beyond a reasonable doubt.

*State v. Kuhs*, 223 Ariz. 376, 382, ¶ 24, 224 P.3d 192, 198 (2010) (alteration in original) (citations omitted) (internal quotation marks omitted).

¶8          Here, as summarized above, *supra* ¶¶ 2-5, the State presented sufficient evidence to permit the jury to convict Loff. Although

---

[4]We note that in sentencing Loff, the superior court did not make an affirmative finding that he had two prior historical felony convictions, nor did it state the specific statutory authority for the repetitive category applicable to Loff. Although we could infer from the record that the superior court sentenced Loff as a category three repetitive offender, "[i]n order to facilitate appellate review, trial judges should indicate on the record the specific statutory subsection under which a criminal sentence is imposed." *State v. Anderson*, 211 Ariz. 59, 60 n.1, 116 P.3d 1219, 1220 n.1 (2005). Pursuant to Arizona Code of Judicial Administration § 3-402 (2014), which is the same now as it was in 2012, the superior court destroyed the confidential criminal history report -- which would have allowed us to review whether Loff's prior felony convictions were indeed historical for purposes of sentencing him as a category three repetitive offender -- before the superior court transferred the record to this court. We therefore remanded this matter to the superior court to reconstruct the record. Upon review of the supplemented record, we find no error.

Loff disputed some of this evidence when he testified, "[t]he finder-of-fact, not the appellate court, . . . determines the credibility of witnesses." *State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220 (App. 1995).

¶9          Loff also argues the State failed to present evidence to show he had exclusive control of the drugs or the duffel bag in which they were contained, and therefore, he could not have possessed them. "Possess" means "knowingly to have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13-105(34). Exclusive control, however, is not necessary to sustain a conviction for possession; constructive possession will suffice. *State v. Villavicencio*, 108 Ariz. 518, 520, 502 P.2d 1337, 1339 (1972). When "the drug is not found on the person of the defendant nor in his presence, but is found in a place under his dominion and control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the [drugs]," a defendant has constructive possession of the drugs. *Id.*

¶10          Here, Loff acknowledged spending the night at the residence, and Deputy Travis T. testified to Loff's admission the drugs belonged to him. Thus, a jury could find Loff had exercised dominion and control over the residence in which the drugs were found and reasonably infer he had actual knowledge the drugs were there, thereby establishing he constructively possessed the drugs.

¶11          Loff also argues the deputies should have obtained a search warrant before entering the residence because it was owned by Loff's step-father and Paul S. had been evicted and, therefore, did not have the authority to consent to a search of the residence. Paul S., however, and not Loff's step-father, was the legal owner of the residence at the time of the search. Accordingly, Paul S. could consent to the search and the deputies were not required to obtain a search warrant. *See State v. Guillen*, 223 Ariz. 314, 317, 223 P.3d 658, 661 (2010) ("One long recognized exception to the warrant requirement is consent." (citation omitted)).

¶12          Finally, Loff argues counsel should have moved to suppress the statements he made to Paul S. and Deputy Travis T. because there was no other evidence he committed a crime. This argument is, essentially, an ineffective assistance of counsel argument and not properly before us on

direct appeal.[5]  *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002).

II.    Anders Review

**¶13**       We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  Loff received a fair trial, counsel represented him at all stages of the proceedings, and Loff was present at all critical stages.

**¶14**       As discussed, *supra* ¶ 8, the State presented substantial evidence at trial that supported the verdicts.  The jury was properly comprised of 12 members, and the court properly instructed the jury on the elements of the charges, Loff's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.  The superior court received and considered a presentence report and gave Loff an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

**¶15**       In our review of the record, we discovered an error in the sentencing hearing and minute entry.  At the sentencing hearing and in the sentencing minute entry, the superior court awarded Loff 162 days of presentence incarceration credit. The record reflects Loff was, in fact, incarcerated for 163 days -- from December 24, 2011 to the date of the sentencing hearing, June 4, 2012.[6]  We therefore correct the sentence imposed to reflect 163 days of presentence incarceration credit.  *See* A.R.S. § 13-712(B) (2010) ("All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment . . . .").

**CONCLUSION**

**¶16**       We decline to order briefing and affirm Loff's convictions and sentences as corrected.

---

[5]Although Loff also argues the State committed prosecutorial misconduct by knowingly presenting perjured testimony and "deliberately suppress[ing] evidence which would have impeached and refuted the testimony thus given against him by Deputy [Travis T.] and Paul S[.]," we find nothing in the record to support these arguments.

[6]The record does not reflect Loff was ever released on bond.

**¶17**        After the filing of this decision, defense counsel's obligations pertaining to Loff's representation in this appeal have ended.  Defense counsel need do no more than inform Loff of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶18**        Loff has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  On the court's own motion, we also grant Loff 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: MJT