NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEREMIAH MICHAEL BURGESS, *Appellant.*

No. 1 CA-CR 18-0811
FILED 12-31-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201800673
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Diane M. Johnsen joined.

---

**M O R S E**, Judge:

¶1          Jeremiah Michael Burgess appeals his convictions and sentences for possession of dangerous drugs for sale and possession of drug paraphernalia.  For the reasons that follow, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2          On April 21, 2018, law enforcement lawfully stopped a truck Burgess was driving.  A passenger, J.R., was seated in the front passenger seat, and there was a dog in the back seat.  Burgess was not the registered owner of the truck.  Because neither occupant possessed a valid Arizona driving license, and Burgess's California driving privileges were suspended, the officer informed Burgess that the truck would be towed and impounded and the officer would perform an inventory search.

¶3          Following a delay after Burgess locked the keys in the truck, the officer performed an inventory search of the vehicle and discovered two bags under the front passenger seat, one in "plain view," that contained white crystalline substances.  A criminalist confirmed that the substances were methamphetamine, a dangerous drug, and weighed approximately 7.63 ounces (216.1 grams).  The bag that was in plain view contained approximately two ounces (55.5 grams) of methamphetamine, and the other bag held approximately 5.7 ounces (160.6 grams).  At trial, a detective specializing in drug trafficking investigations testified that an ounce of methamphetamine would sell for around $250 and each ounce could bring in around $700 if sold by the gram.  The detective told the jury that an amount of this weight and value, especially in a "local [Mohave County] case," was relatively large and indicated possession for sale, as opposed to possession for personal use.  The detective further testified that the average

---

[1]     We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Burgess.  *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

methamphetamine user would typically ingest 0.1 grams per single dose, at a cost of between five and ten dollars, and the most commonly sold amount for personal use in Mohave County was twenty dollars.

**¶4**     The State charged Burgess with one count of possession of dangerous drugs for sale, a class 2 felony, and one count of possession of drug paraphernalia, a class 6 felony. Following a two-day trial, a jury convicted Burgess as charged. The superior court sentenced Burgess to an aggregate term of fifteen years' imprisonment, and he timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

### I.     Burgess's Motion to Continue.

**¶5**     Burgess argues that the superior court improperly denied his motion to continue trial so that he could retain private counsel. We review the superior court's denial of a motion to continue for an abuse of discretion. *State v. Forde*, 233 Ariz. 543, 555, ¶ 18 (2014) (citations omitted). We review constitutional and legal determinations *de novo*. *State v. Davolt*, 207 Ariz. 191, 201, ¶ 21 (2004).

**¶6**     The superior court conducted Burgess's arraignment on May 10, 2018, at which he was represented by the Mohave County Public Defender's Office. The Mohave County Legal Defender's Office entered its appearance on behalf of Burgess on June 15, 2018. Following Burgess's invocation of his right to a speedy trial at a hearing on June 26, 2018, the superior court scheduled trial for August 6, 2018, in compliance with procedural timelines. During a final management conference on July 18, 2018, Burgess moved to continue trial for two weeks. Although Burgess did not provide a reason for the request, the superior court granted his motion and rescheduled trial for August 20, 2018. At that time, Burgess did not request new counsel or inform the court that he desired to retain private counsel.

**¶7**     Burgess failed to attend a subsequent final management conference on August 1, 2018, where the court affirmed the scheduled trial date of August 20, 2018. On August 7, 2018, Burgess moved to continue trial again (specifically, his motion asked the court to vacate the jury trial

---

[2]     Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

and set a status conference) and asserted only that he "wants to hire a private counsel." The superior court denied the motion.

¶8 The Sixth Amendment guarantees criminal defendants the right to representation by counsel. U.S. Const. amend. VI; *see also* Ariz. Const. art. 2, § 24; Ariz. R. Crim. P. 6.1. A defendant also has a constitutional right "to choose representation by non-publicly funded private counsel[.]" *Robinson v. Hotham*, 211 Ariz. 165, 169, ¶ 16 (App. 2005). But the right is not absolute, and the superior court maintains discretion, in the interest of sound judicial administration, regarding whether to grant a motion to continue to obtain private counsel. *State v. Ramos*, 239 Ariz. 501, 505, ¶ 16 (App. 2016). Thus, "[t]rial courts retain 'wide latitude' in balancing the right to counsel of choice against the needs of the criminal justice system to fairness, court efficiency, and high ethical standards." *State v. Coghill*, 216 Ariz. 578, 588, ¶ 40 (App. 2007) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006)).

¶9 In weighing these competing interests, courts must consider:

> whether other continuances were granted; whether the defendant had other competent counsel prepared to try the case; the convenience or inconvenience to the litigants, counsel, witnesses, and the court; the length of the requested delay; the complexity of the case; and whether the requested delay was for legitimate reasons or was merely dilatory.

*State v. Hein*, 138 Ariz. 360, 369 (1983) (citations omitted). Relying on *State v. Aragon*, 221 Ariz. 88 (App. 2009), Burgess argues the *Hein* factors require a remand for a new trial.[3] We disagree.

¶10 The *Hein* factors support the superior court's decision. Burgess had recently received a continuance. Burgess's counsel affirmed to the court he was prepared for trial. The case was not complex. The length of the delay was unknown. The superior court noted an inconvenience from a delay, specifically that a jury had been summoned. Significantly, the late timing of the motion and Burgess's failure to attend the previous court

---

[3] In his reply brief, Burgess asserts without authority that the error is structural and bars a retrial. However, only the "erroneous deprivation of the right to counsel of choice" qualifies as structural error. *Gonzalez-Lopez*, 548 U.S. at 150. Furthermore, the remedy for such error would be a new trial. *See Aragon*, 221 Ariz. at 91, ¶ 9-10 (finding erroneous deprivation of the right to counsel of choice and remanding for a new trial).

hearing provided reasonable cause for the superior court to conclude that Burgess had not been diligent and the motion was filed for the purpose of delay. Finally, the motion did not supply any details concerning whether Burgess had any contact with potential private counsel about representation. Therefore, the superior court did not abuse its discretion by denying the motion.

¶11 In *Aragon*, the defendant filed an initial motion to continue to allow a named private lawyer to appear in the case "and have enough time to prepare for trial." 221 Ariz. at 89, ¶ 2. In finding that the superior court erred in denying the continuance, this court noted the defendant had not sought nor been granted prior continuances, *id.* at 90, ¶ 6; it was undisputed the defendant had legitimate reasons for his request, *id.*; and the court erred by relying on Arizona Rule of Criminal Procedure 8, a rule intended to guarantee defendants a speedy trial, when the rule expressly excludes "[d]elays occasioned by or on behalf of the defendant," *id.* at 91, ¶ 7 (quoting Ariz. R. Crim. P. 8.4(a)).

¶12 Here, unlike *Aragon*, Burgess did not name a lawyer he intended to retain, and no new lawyer ever appeared, before, during, or after trial, to represent him. Instead, when he sought the second continuance, Burgess only stated he "wants to hire a private counsel." Burgess offered no indication that he had a particular attorney in mind, that he had the funds to hire such an attorney, or that an attorney was willing to represent him. As a result, at most he was only looking for the opportunity to explore hiring another lawyer. Although the superior court denied Burgess's requested second continuance, the court did not foreclose his right to hire a lawyer and nothing in the record suggests how the superior court would have ruled if new counsel had appeared and sought a brief continuance. *See Ramos*, 239 Ariz. at 507, ¶ 20 (noting that denial of continuance did not prevent private attorney from representing defendant). Finally, the superior court did not improperly rely on the time requirements of Rule 8 in making its decision to deny the continuance.

¶13 Nor are we persuaded by Burgess's contention that the superior court erred by not conducting a formal hearing before denying his motion. Citing *State v. Torres*, 208 Ariz. 340 (2004), Burgess argues that a trial judge is required to hold a hearing on a defendant's request for substitution of counsel. But *Torres* involved a request to substitute court-appointed counsel, and even in that situation, a formal hearing is only required if the defendant provides a sufficient basis for the request. 208 Ariz. at 343, ¶ 8. In this case, the superior court only denied Burgess's request for a continuance and did not rule on any attempted substitution of

counsel. As Burgess concedes, the right to retain private counsel is independent of a defendant's ability to request alternative appointed counsel. *See Robinson*, 211 Ariz. at 168, ¶ 11 (finding right to representation by private counsel is separate from right to publicly funded counsel); *cf. State v. Hampton*, 208 Ariz. 241, 243, ¶ 6 (2004) (holding an indigent defendant has no right to a particular appointed attorney). Although when a defendant requests a continuance to retain private counsel "persuasive authority suggests that . . . the onus is on the court to create a record of its reasons for [a] denial," *Aragon*, 221 Ariz. at 91, n.3, nothing requires the court to first hold a formal hearing. Here, the court issued a written ruling denying the request and the record, *supra* ¶ 10, provides ample support for the superior court's decision. Therefore, the superior court did not abuse its discretion by denying the motion without holding a formal hearing.

## II.    Sufficiency of the Evidence.

**¶14**         At the conclusion of the State's case, Burgess moved for a judgment of acquittal on both counts[4] pursuant to Rule 20 of the Arizona Rules of Criminal Procedure, arguing the State had failed to produce substantial evidence of possession. The superior court denied the motion. Burgess argues on appeal that the State's evidence was insufficient to establish that he knowingly possessed methamphetamine. Burgess also maintains the State failed to prove that the drugs were possessed for the purpose of sale.

**¶15**         We review a claim of insufficient evidence *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ¶ 16 (citation and emphasis omitted). We will reverse a conviction for insufficient evidence only if no

---

[4]       Burgess does not present significant argument challenging the sufficiency of the evidence for the possession of drug paraphernalia conviction and, consequently, might have thereby otherwise waived and abandoned that argument. *See State v. Moody*, 208 Ariz. 424, 452, ¶ 101, n.9 (2004) ("[O]pening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted). However, because the facts concerning the two convictions are the same and Burgess's Rule 20 motion included argument addressing the drug paraphernalia charge, we exercise our discretion to address the issue on the merits.

"substantial evidence exists to support the jury verdict." *State v. Stroud*, 209 Ariz. 410, 411, ¶ 6 (2005). Substantial evidence is "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 15. In reviewing the sufficiency of the evidence, we neither reweigh conflicting evidence nor assess the credibility of witnesses. *State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013). Sufficient evidence may be direct or circumstantial. *West*, 226 Ariz. at 562, ¶ 16. "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (citation omitted).

**¶16**        As the superior court properly instructed the jury, the crime of possession of dangerous drugs for sale under A.R.S. § 13-3407(A)(2) requires proof that the defendant knowingly possessed a dangerous drug (here, methamphetamine) for the purpose of sale. The court further instructed that the crime of possession of drug paraphernalia under A.R.S. § 13-3415 requires proof that the defendant used, or possessed with the intent to use, an item of drug paraphernalia. Also, as the court instructed, "possess" means "knowingly to have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13-105(34).

**¶17**        "Possession may be actual or constructive." *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013). A jury properly may find a defendant maintained constructive possession of an object "found in a place under [the defendant's] dominion [or] control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the [property]," all of which may be proven by direct or circumstantial evidence. *State v. Cox*, 214 Ariz. 518, 520, ¶ 10 (App. 2007) (quoting *State v. Villavicencio*, 108 Ariz. 518, 520 (1972)). Constructive possession exists when the defendant exercises dominion and control over the object itself or over the location where the object is found. *State v. Teagle*, 217 Ariz. 17, 27, ¶ 41 (App. 2007). A person's "mere presence at a location where narcotics are found is insufficient to establish knowledgeable possession or dominion and control over narcotics." *Id*. at 27-28, ¶ 41 (quoting *State v. Jung*, 19 Ariz. App. 257, 261 (1973)). "[I]t is not necessary to show that a defendant exercised exclusive possession or control over the substance itself or the place in which the illegal substance was found; control or right to control is sufficient." *State v. Curtis*, 114 Ariz. 527, 528 (App. 1977). "Criminal intent, being a state of mind, is shown by circumstantial evidence. Defendant's conduct and comments are evidence of his state of mind." *State v. Bearup*, 221 Ariz. 163, 167, ¶ 16 (2009) (quoting *State v. Routhier*, 137 Ariz. 90, 99 (1983)).

¶18        Burgess contends the State presented insufficient evidence that he exercised dominion or control over the methamphetamine found in the truck (and therefore, the drug paraphernalia: the bags in which the drugs were packed and concealed). The undisputed evidence showed that the investigating officer seized approximately 216 grams of methamphetamine, and testimony established that 216 grams was a substantial amount in weight and value. The methamphetamine was in two bags (one of which was in plain view) under the passenger seat of a vehicle that Burgess was driving. After learning that the officer was going to tow and search the vehicle, Burgess rolled up the windows and locked the keys inside, then blamed the dog (by then locked inside the truck) for doing so. Without a request from the officer, Burgess called the truck's registered owner to bring a key to open the truck before the search and tow. Upon arrival, the truck's owner attempted to walk up to the truck, but the officer stopped her and asked her to just unlock the door.

¶19        Burgess's "conduct and comments," particularly in conjunction with the large amount of methamphetamine recovered, reasonably provided the jury with circumstantial evidence that he knew the methamphetamine was in the truck. Furthermore, the superior court instructed jurors on mere presence, informing them that they could not find Burgess guilty based upon his mere presence at the scene, mere association with another person there, or mere knowledge that a crime was being committed. On that issue, despite the presence of J.R. in the truck, Burgess was driving the truck in which the methamphetamine was found, one of the bags of methamphetamine was in plain view, and Burgess locked the keys in the truck and blamed the dog after he learned that the truck was about to be searched. This evidence was sufficient to allow a jury to find Burgess's constructive possession of the methamphetamine and the bags and reject his mere-presence defense. *See Villavicencio*, 108 Ariz. at 520 (noting that evidence of constructive possession is sufficient when narcotics are found in a location "under the dominion and control of the defendant and under circumstances from which the jury could find that he knew of the existence of the narcotics").

¶20        As noted, to prove that the methamphetamine was possessed for sale, the State called a detective with extensive training and experience in drug investigations, who testified that weight distinguishes possession for sale from possession for personal use and that an amount of one ounce or more of methamphetamine is consistent with possession for sale. When sold by the gram, the detective testified that a single ounce of methamphetamine could have a street value of around $700. The detective further testified that possession of multiple ounces reflects an amount and

value consistent with a dealer who is a "level above" a street-level dealer in the relevant local area.

**¶21** The detective's testimony also addressed the absence of other indicia of sale such as scales, individual small plastic bags, money, and separate packaging. The detective explained that weight remains the "number one" factor in determining whether methamphetamine is possessed for sale. He also explained that although other items serve as circumstantial indicators, they are not found in every "drug sales investigation" because those items are used at different points throughout the "supply chain," similar to the manner in which a retail store operates. As the superior court instructed, the jury was free to accept or reject the detective's testimony. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (discussing that the function of the jury is to weigh evidence and determine credibility). The jury chose to accept the detective's testimony, and the evidence was sufficient to support the verdict.

**CONCLUSION**

**¶22** We affirm Burgess's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:          RB