NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

NATHAN WESLEY WILLIAMSON, *Appellant.*

No. 1 CA-CR 23-0107

FILED 12-28-2023

---

Appeal from the Superior Court in Maricopa County
No. CR2022-116533-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Karen Moody
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**F O S T E R**, Judge:

¶1          Nathan Williamson appeals his two drug-related convictions. He contends that the superior court erred by denying his Motion for Judgment of Acquittal because the State presented insufficient evidence to support the verdicts. This Court disagrees and affirms his convictions.

## FACTS AND PROCEDURAL HISTORY

¶2          Police stopped a vehicle registered to Williamson, and driven by his wife, for a traffic violation. Williamson was in the passenger seat. During the stop, police found drug paraphernalia and five grams of methamphetamine in the center console. They also discovered paraphernalia and methamphetamine residue inside a small case on the passenger-side floorboard.

¶3          Williamson was indicted on two charges: possession or use of dangerous drugs and possession or use of drug paraphernalia. After the State presented its case, Williamson moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20 alleging there was insufficient evidence to support a conviction. The court denied the motion, finding that reasonable persons could accept the State's evidence as sufficient to warrant a conviction. The jury found Williamson guilty of both counts. Williamson timely appealed.

## DISCUSSION

¶4          "After the close of evidence . . . the court must enter a judgment of acquittal on any offense charged . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). A Rule 20 motion on the sufficiency of the evidence is reviewed *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).

¶5          The sufficiency of evidence presented at trial is reviewed "to determine if substantial evidence exists to support the jury verdict." *State v. Hausner*, 230 Ariz. 60, 75, ¶ 50 (2012). "Evidence is viewed in a light most

favorable to sustaining the verdict." *West*, 226 Ariz. at 562, ¶ 15 (quoting *State v. Bible*, 175 Ariz. 549, 595 (1993)). Both direct and circumstantial evidence is considered. *Id.* at ¶ 16. But if "reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *Id.* at 563, ¶ 18 (quoting *State v. Lee*, 189 Ariz. 590, 603 (1997)).

¶6　　　　"In evaluating the sufficiency of the evidence, [this Court] test[s] the evidence 'against the statutorily required elements of the offense.'" *State v. Aguirre*, 255 Ariz. 89, 92, ¶ 8 (App. 2023) (quoting *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005)). "[K]nowingly[ p]ossess[ing] or us[ing] a dangerous drug" is a class 4 felony. A.R.S. § 13-3407(A)(1), (B)(1). Using, or possessing with intent to use, drug paraphernalia is a class 6 felony. A.R.S. § 13-3415(A). Knowingly means "a person is aware or believes that the person's conduct is of that nature or that the circumstance exists." A.R.S. § 13-105(10)(b). Possession means "to exercise dominion or control over property" and includes both "actual possession" and "constructive possession." A.R.S. § 13-105(34); *State v. Ottar*, 232 Ariz. 97, 99, ¶ 5 (2013).

¶7　　　　"Constructive possession exists when the prohibited property 'is found in a place under [the defendant's] dominion [or] control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the [property].'" *State v. Cox*, 214 Ariz. 518, 520-21, ¶ 10 (App. 2007) (quoting *State v. Villavicencio*, 108 Ariz. 518, 520 (1972)) (alterations in original). "The terms 'dominion' and 'control' carry their ordinary meaning, such that dominion means 'absolute ownership' and control means to 'have power over.'" *State v. Ingram*, 239 Ariz. 228, 233, ¶ 21 (App. 2016) (quoting *Cox*, 214 Ariz. at 520, ¶ 9).

¶8　　　　The State presented sufficient evidence to support the jury's verdicts that Williamson possessed both drugs and paraphernalia. The evidence showed that Williamson was inside the car where methamphetamine and paraphernalia were found. The car was registered solely in Williamson's name. Men's clothing and other items were scattered throughout the car. Based on one officer's testimony, the car's general appearance indicated Williamson and his wife had been living in the car. This evidence was sufficient to show that Williamson exercised dominion and control over the car where the drugs and paraphernalia were found. Thus, the evidence demonstrated possession. "Reasonable persons could accept [this evidence] as adequate and sufficient to support a guilty verdict beyond a reasonable doubt." *Hausner*, 230 Ariz. at 75, ¶ 50.

¶9        Williamson argues that it was his wife that possessed the drugs and paraphernalia because they were found in the console and under debris on the floorboard. He argues that substantial evidence did not establish that he possessed the prohibited items. But two people can jointly possess property under the theory of constructive possession. *Ingram*, 239 Ariz. at 233, ¶ 22 (quoting *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013)). Thus, jurors could reasonably conclude that both Williamson and his wife jointly possessed the drugs and paraphernalia found in Williamson's car.

¶10       Similarly, reasonable jurors could infer that Williamson knew there were drugs and paraphernalia present. The methamphetamine and paraphernalia discovered inside the center console were beside Williamson. There was additional paraphernalia in a glasses case on the passenger floorboard at Williamson's feet, where he "would be stepping on it." Accordingly, reasonable jurors could infer that Williamson knew drugs and paraphernalia were in the car.

## CONCLUSION

¶11       Williamson's convictions for possession or use of dangerous drugs and possession or use of drug paraphernalia are supported by sufficient evidence. Accordingly, Williamson's convictions are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: TM