118 P.3d 1129

**Akmal Jacoby ROBINSON, Petitioner,**

v.

**The Honorable Jeffrey A. HOTHAM, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 05–0190.**

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 6, 2005.

---

Criminal Defense Associates By Angelyn Gates, Lorilee M. Gates, Woodland Hills, CA, Admitted pro hac vice.

Benedict & Martin, P.L.L.C. By John Martin and Robert S. Briney, Maricopa County Legal Defender By Richard K. Miller, Phoenix, Attorneys for Petitioner.

Andrew J. Thomas, Maricopa County Attorney By Gerald R. Grant, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

TIMMER, Presiding Judge.

¶ 1 Does an indigent criminal defendant possess federal and state constitutional

rights to choose non-publicly funded private counsel to represent his interests in defending criminal charges? In resolving this special action brought by Akmal Jacoby Robinson we answer that question affirmatively and hold that indigent defendants have constitutional rights to make this choice.

## BACKGROUND

¶2 The State charged Robinson with two counts of child abuse and one count of second-degree murder. At Robinson's initial appearance hearing held on January 7, 2005, the court found him indigent and appointed the Office of the Legal Defender to represent him. Ten days later, Robinson's family hired Criminal Defense Associates ("CDA"), a Los Angeles-based law firm, to represent Robinson. At Robinson's January 28 arraignment hearing, where Robinson entered a plea of not guilty, John Martin, a local private attorney acting at CDA's direction, filed a notice of appearance on Robinson's behalf, and the court entered an order allowing the legal defender to withdraw from further representation.

¶3 In March, the court granted applications of two CDA attorneys admitted to practice in California, Angelyn Gates and Lorilee Gates, to appear *pro hac vice* on behalf of Robinson. The CDA attorneys subsequently assumed Robinson's representation.

¶4 At a June hearing, Lorilee Gates inquired about obtaining publicly funded ancillary defense services. In the course of discussing the matter, the court noted the prior finding that Robinson was indigent, questioned whether the legal defender must remain involved in the case, and ultimately scheduled a status conference for early July "to determine the appointment of [Robinson's] Counsel."

¶5 During the July conference, the court discussed the issue with the parties, "affirm[ed] the Legal Defender's Office to represent [Robinson]," and directed that office to file a motion to withdraw. The legal defender then filed a motion to withdraw pursuant to Arizona Revised Statutes ("A.R.S.") section 11–587 (2001).

¶6 At a subsequent hearing on the motion, the court found that Robinson remained indigent but wanted the CDA attorneys to represent him. The court then concluded that "when a criminal [defendant] has been determined to be indigent and counsel has been appointed for him, he doesn't have the constitutional option of having a family hire another lawyer and [having] that other lawyer be his lawyer in charge." The court clarified that the issue before it did not concern whether Robinson was entitled to publicly funded investigators and experts. The court also indicated that the CDA attorneys could assist the legal defender as *Knapp* counsel,[1] but ruled that the legal defender must serve as lead counsel. Robinson stated that this arrangement was unacceptable. The court ultimately denied the legal defender's motion to withdraw and reiterated that the CDA attorneys could apply to be *Knapp* counsel, which the court would permit.

¶7 Robinson subsequently initiated this special action, which the legal defender joined. The State filed a response declaring it assumed no position on the issue presented in the special action due to a lack of standing. *See Knapp,* 111 Ariz. at 112, 523 P.2d at 1313 (holding county attorney is without standing to object to questions concerning an indigent client's representation).[2]

## SPECIAL ACTION JURISDICTION

¶8 Special action jurisdiction is discretionary and is appropriate only when a

---

1. *See Knapp v. Hardy,* 111 Ariz. 107, 111, 523 P.2d 1308, 1312 (1974) ("We feel that the trial court was wrong in its holding denying the right of the retained counsel to associate with the public defender's office in this case.").

2. Maricopa County, through its Office of Contract Counsel, moved to intervene in this special action believing that "Petitioner seeks to place County funds at issue." Because this special action does not concern Robinson's entitlement to publicly funded ancillary defense services, and the expenditure of public funds are not otherwise at stake, we denied that motion. We recognize that an issue lurks in this case concerning an indigent defendant's right to publicly funded defense services when publicly funded lawyers are not involved in the defendant's representation. However, that issue is not now before us.

party has no equally plain, speedy, and ·adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a); *State ex rel. Pennartz v. Olcavage,* 200 Ariz. 582, 585, ¶ 8, 30 P.3d 649, 652 (App.2001). "An order denying a motion by the public defender to withdraw from representation prior to trial is a non-appealable, interlocutory order." *Coconino County Pub. Defender v. Adams,* 184 Ariz. 273, 275, 908 P.2d 489, 491 (App.1995). For this reason, and because Robinson raises an issue of law and one of statewide importance that is likely to reoccur, we exercise our discretion to accept jurisdiction in this matter. *Id.*

## DISCUSSION

■ ¶ 9 The trial court's ruling on a motion to withdraw is discretionary, and we will reverse only if the court abused that discretion. *Id.* We review the court's interpretation of a constitutional right de novo as an issue of law. *State v. Bomar,* 199 Ariz. 472, 475, ¶ 5, 19 P.3d 613, 616 (App.2001).

■ ¶ 10 Section 11–587 provides that "[t]he public defender shall petition the court to withdraw as attorney of record, and the court may grant such petition, whenever private counsel is employed either by the defendant or by any other person to represent such defendant and such private counsel is accepted by the defendant." The trial court reasoned that the discretion afforded by § 11–587 permitted it to deny the motion to withdraw because "[the court is] more comfortable with [the] high level of expertise in this specialized area [child abuse and second-degree murder]" possessed by the legal defender's office. Robinson and the legal defender argue that the court did not appropriately exercise its discretion in this manner, arguing that the court deprived Robinson of his right to be represented by counsel of his choice as guaranteed by the Sixth Amendment to the United States Constitution and Article 2, Section 24, of the Arizona Constitution. We agree with Robinson and the legal defender.

■ ¶ 11 Both the Sixth Amendment [3] and Article 2, Section 24 [4], guarantee a criminal defendant the right to assistance of counsel for his or her defense. These provisions further guarantee an indigent criminal defendant charged with a serious crime the right to appointed legal representation at public expense. *Gideon v. Wainwright,* 372 U.S. 335, 343, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Ponce,* 108 Ariz. 58, 59, 492 P.2d 1165, 1166 (1972). While Arizona courts have firmly established that an indigent defendant does not have the right to choose publicly funded appointed counsel, *State v. Hampton,* 208 Ariz. 241, 243, ¶ 6, 92 P.3d 871, 873 (2004), and does not lose the right to appointed counsel merely by associating private counsel, *Knapp,* 111 Ariz. at 111, 523 P.2d at 1312, we have yet to decide whether an indigent defendant can choose to be represented by private counsel who is not publicly funded. We now resolve that issue.

¶ 12 The United States Supreme Court has held that the right to counsel includes a right to choose retained counsel. *Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932) ("[A] defendant should be afforded a fair opportunity to secure counsel of his own choice."). In cases not concerning the precise issue now before us, Arizona courts have reached the same conclusion. *State v. Hein,* 138 Ariz. 360, 368, 674 P.2d 1358, 1366 (1983) (noting right to choose counsel is implicit in guarantee of assistance of counsel); *JV–132324 v. Superior Court,* 181 Ariz. 337, 345, 890 P.2d 632, 640 (App.1995) ("[T]he right to waive counsel and the right to retain counsel of choice are constituent parts of the fundamental right to counsel established by the United States and Arizona Constitutions."); *Pipkins v. Helm,* 132 Ariz. 237, 239, 644 P.2d 1323, 1325 (App.1982) ("Due process of law, as it is expressed through the right-to-counsel provisions of the state and federal constitutions, comprehends a right to appear and defend with retained counsel of one's own choice."); *see also J.A.R. v. Superior Court,* 179 Ariz. 267, 278, 877 P.2d 1323, 1334 (App.

---

3. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defence [sic]."

4. Article 2, Section 24, provides: "In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel...."

1994) (holding minor entitled to choose counsel to represent interests in parents' custody dispute). No reason appears to abrogate this right when a criminal defendant is indigent but able to secure private counsel not funded by the public coffers.

¶ 13 First, our courts have recognized that an indigent criminal defendant has a Sixth Amendment right to waive appointed counsel and instead represent his or her own interests. *Faretta v. California,* 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. LaGrand,* 152 Ariz. 483, 486, 733 P.2d 1066, 1069 (1987). This is so because the Sixth Amendment affords the defendant the right to make a defense, and "[u]nless the accused has acquiesced in [representation by appointed counsel], the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense." *Faretta,* 422 U.S. at 821, 95 S.Ct. 2525. This reasoning applies equally when an indigent defendant is able to retain private counsel, either through the generosity of family or friends, or through the volunteer efforts of counsel. Allowing the defendant to choose such representation rather than court-appointed counsel ensures that he or she has exercised the Sixth Amendment right to make a defense.

■ ¶ 14 Second, absent special circumstances, no public policy reasons exist for denying an indigent criminal defendant the right to choose non-publicly funded private counsel. A court may deny a defendant the right to choose counsel in the face of the "public need for the efficient and effective administration of justice." *Hein,* 138 Ariz. at 368–69, 674 P.2d at 1366–67 (quoting *United States ex rel. Carey v. Rundle,* 409 F.2d 1210, 1214 (3rd Cir.1969)). Thus, for example, a defendant may be denied counsel of his or her choice if that attorney is not competent, *State v. Moody,* 192 Ariz. 505, 507, ¶ 11, 968 P.2d 578, 580 (1998), has an actual or serious potential conflict of interest, *Wheat,* 486 U.S. at 159–60, 108 S.Ct. 1692, or whose appointment would cause an unreasonable delay in the proceedings to allow adequate preparation, *Morris v. Slappy,* 461 U.S. 1, 8–9, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). But absent those or similar circumstances, permitting an indigent defendant to choose representation by a non-publicly funded attorney

would not adversely impact the public interest. Indeed, allowing such a choice would relieve the public from the burden of paying for adequate representation. *See Knapp,* 111 Ariz. at 111, 523 P.2d at 1312 (reasoning that permitting private attorney to assist public defender would inure to public good because it would save time and money for public defender).

¶ 15 Decisions from other courts outside Arizona support a conclusion that an indigent criminal defendant can choose representation by a non-publicly funded private attorney. Although the matter was not directly at issue in *Caplin & Drysdale, Chartered v. United States,* in discussing the Sixth Amendment, the Court noted that "the Government [does not] deny that the Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." 491 U.S. 617, 624–25, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). Other courts that have squarely considered the matter have reached the same conclusion. *See Lipham v. State,* 257 Ga. 808, 811, 364 S.E.2d 840, 843 (1988) ("[I]f an indigent defendant can make his own arrangements for attorney representation, whether with the financial assistance of family or friends, or by persuading an attorney to represent him *pro bono,* he ordinarily may do so."); *English v. Missildine,* 311 N.W.2d 292, 294 (Iowa 1981) ("[N]o reason exists for depriving an indigent of the same right of choice [of counsel] as a person of means when the indigent is able to obtain private counsel without public expense.").

¶ 16 We hold that an indigent criminal defendant possesses rights under the Sixth Amendment and Article 2, Section 24, to choose representation by non-publicly funded private counsel unless reasons of judicial administration, justice, or other special circumstances outweigh this right. In the latter circumstances, or when private counsel is only willing to serve as *Knapp* counsel, the trial court may exercise its discretion under A.R.S. § 11–587 to deny a publicly appointed lawyer's motion to withdraw. Otherwise, the court must grant the motion to withdraw.

■ ¶ 17 In the present case, the trial court denied the legal defender's motion to

withdraw because the court trusted the legal defender to provide competent representation, and the court preferred to have that office lead Robinson's defense. This is not a valid reason for denying Robinson's right to choose CDA as his attorneys as the public interest in the efficient administration of justice is not implicated. Moreover, the court's ruling effectively deprived Robinson of his right to choose counsel. Consequently, the court erred by denying the legal defender's motion to withdraw.

### CONCLUSION

¶ 18 For the foregoing reasons, we accept jurisdiction and grant relief by vacating the trial court's order denying the legal defender's motion to withdraw. We remand to the trial court with directions to enter an order permitting the legal defender to withdraw as counsel and allowing the CDA attorneys to continue with their representation of Robinson.

CONCURRING: SHELDON H. WEISBERG and DANIEL A. BARKER, Judges.