IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 26 2009

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,                )
                                     )     2 CA-CR 2008-0149
                   Appellee,         )     DEPARTMENT B
                                     )
            v.                       )     O P I N I O N
                                     )
PHILLIP JAIME ARAGON,                )
                                     )
                   Appellant.        )
                                     )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20072564

Honorable John S. Leonardo, Judge
Honorable Nanette M. Warner, Judge

REVERSED AND REMANDED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Kathryn A. Damstra                        Tucson
                                                         Attorneys for Appellee

Robert J. Hirsh, Pima County Public Defender
  By Kristine Maish                                                Tucson
                                                        Attorneys for Appellant

V Á S Q U E Z, Judge.

**¶1**        After a jury trial, Phillip Aragon was convicted of two counts of aggravated driving under the influence of an intoxicant (DUI) while his driver's license was suspended, and one count of aggravated DUI with a minor present.[1]  The trial court sentenced him to enhanced, substantially mitigated prison terms of six years for each of the first two counts, and an enhanced, mitigated term of three years for the third count, all to be served concurrently.  On appeal, Aragon argues the court abused its discretion in denying his motion for a continuance to substitute his privately retained counsel for appointed counsel.  For the reasons discussed below, we reverse Aragon's convictions and sentences and remand for a new trial.

## Factual and Procedural Background

**¶2**        Because this case involves a purely legal question, we include only those facts necessary for an understanding of the issue presented.  A Pima County grand jury indicted Aragon on the above charges and trial was set for March 11, 2008.  On March 5, Aragon's appointed counsel moved for a continuance so that Mark Bockel, a private attorney Aragon wished to retain, could "file a Notice of Appearance, and have enough time to prepare for trial."  The same day, the court issued a ruling denying the motion "[b]ecause the trial deadline in this case pursuant to Rule 8[, Ariz. R. Crim. P.,] expires March 17, and because defendant has expressed his wish to hire different counsel less than a week before trial."

---

[1]Aragon was also charged with child abuse, but that charge was dismissed before trial on the state's motion.

**¶3**        Bockel appeared at the status conference held two days later and asked the trial court if it was "going to entertain [him] substituting in." The court again declined to continue the trial, citing both the short time before trial and the Rule 8 deadline. In an apparent reference to Rule 6.3(c), Ariz. R. Crim. P., the court further asserted that "the criminal rules state that if substitute counsel is to come in, they have to be prepared to go to trial on the date set." The court also engaged in a lengthy colloquy with Aragon and appointed counsel, apparently aimed at establishing that appointed counsel was "a very experienced criminal lawyer" who was "fully prepared to go to trial" and would thus provide Aragon with adequate representation. Nonetheless, Aragon continued to express his wish to substitute Bockel. Aragon identified "a communication issue" with appointed counsel and explained that, although he had been in touch with Bockel since his arrest, he had not asked for Bockel to be substituted earlier because he "didn't have funds to hire him." The trial proceeded with appointed counsel, and Aragon was convicted and sentenced as noted above. This appeal followed.

**Discussion**

**¶4**        Aragon argues the trial court violated his right to counsel of choice by denying his request for a continuance to substitute Bockel for appointed counsel. "[A]n indigent criminal defendant possesses rights under the Sixth Amendment [of the United States Constitution] and Article 2, Section 24 [of the Arizona Constitution], to choose representation by non-publicly funded private counsel . . . ." *Robinson v. Hotham*, 211 Ariz.

3

165, ¶ 16, 118 P.3d 1129, 1133 (App. 2005); *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). "We review the court's interpretation of a constitutional right de novo as an issue of law." *Hotham*, 211 Ariz. 165, ¶ 9, 118 P.3d at 1132.

¶5        A trial court has "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar." *Gonzalez-Lopez*, 548 U.S. at 152 (citation omitted). But an "unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay'" violates a defendant's right to counsel of choice. *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983), *quoting Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "Whether an accused's constitutional rights are violated by the denial of a request for a continuance [to substitute private counsel of the defendant's choice] depends on the circumstances present in the particular case." *State v. Hein*, 138 Ariz. 360, 369, 674 P.2d 1358, 1367 (1983). On review, we consider such factors as

> whether other continuances were granted; whether the defendant had other competent counsel prepared to try the case; the convenience or inconvenience to the litigants, counsel, witnesses, and the court; the length of the requested delay; the complexity of the case; and whether the requested delay was for legitimate reasons or was merely dilatory.

*Id.* Thus, our supreme court has upheld decisions by trial courts to compel defendants to proceed with appointed counsel where trial had already been postponed twice and a continuance was requested only after the jury had been empaneled, *State v. Miller*, 111 Ariz. 321, 322, 529 P.2d 220, 221 (1974), and where a codefendant was "ready and 'anxious' to

4

go to trial" and "a great burden" would have been placed on out-of-state witnesses by any delay, *Hein*, 138 Ariz. at 369, 674 P.2d at 1367.[2]

¶6        Here, it is undisputed that Aragon had legitimate reasons for his request and had neither sought nor been granted any prior continuances. The state does not argue the case was particularly complex or dispute Aragon's assertion that "all of the witnesses . . . were law enforcement personnel . . . or law enforcement-related professionals, who routinely juggle their calendars to accommodate court appearances." Nor does this case involve a victim anxious for a resolution.[3] And, although appointed counsel was apparently competent and prepared to try the case, this alone could not justify the court's denial of Aragon's request for a continuance to allow him to be represented by Bockel. *See Gonzalez-Lopez*, 548 U.S. at 148. ("Deprivation of the right is 'complete' when the defendant is erroneously

---

[2]We note that *Hein* differs from the present case to the extent the defendant there sought to be represented by a particular attorney from the law firm he had retained. 138 Ariz. at 370, 674 P.2d at 1368. As our supreme court noted, "[E]mployment of one member of a law firm is employment of the firm, unless there is a special understanding to the contrary." *Id.*

[3]Bockel did not specify the length of the delay necessary for him to prepare for trial, and the court dismissed his request for a continuance without questioning him on this point. But, to the extent the state argues this supports the court's decision to deny a continuance, we note persuasive authority suggests that, "[w]hen a motion for a continuance . . . implicates a defendant's Sixth Amendment right to counsel," the onus is on the court to create a record of its reasons for the denial. *United States v. Garrett*, 179 F.3d 1143, 1147 (9th Cir. 1999).

prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received.").[4]

¶7        The trial court erred in relying on Rule 8, a rule intended to guarantee defendants a speedy trial, as a basis to deny Aragon a continuance so he could be represented by his counsel of choice. *See State v. Ferguson*, 120 Ariz. 345, 347, 586 P.2d 190, 192 (1978) ("The purpose of Rule 8 is to insure that a criminal defendant is not forgotten while the orderly administration of justice swirls around him on all sides but leaving him untouched."). Rule 8.4(a) expressly excludes "[d]elays occasioned by or on behalf of the defendant" from "the computation of the time limits" under the rule. Thus, the court's concern that any such continuance would violate "the law['s] require[ment] that [Aragon's] trial occur within so many days" was misplaced. Moreover, there is no authority to support the court's apparent belief that a first request for a continuance made five or six days before trial is inherently unreasonable.

¶8        To the extent the court also based its decision on appointed counsel's failure to file a motion to withdraw pursuant to Rule 6.3(c), we note that this rule, like Rule 8, is primarily intended to protect the rights of defendants. *See Riley, Hoggatt & Suagee, P.C. v.*

---

[4]We acknowledge that in *Gonzales-Lopez*, the government conceded the defendant's right to counsel of choice had been erroneously denied; thus, the Court did not address that issue. However, in the present case, a finding that there was no error based on the fact Aragon had other competent counsel prepared to try the case would be inconsistent with *Gonzales-Lopez*'s holding that "it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation" when the right has been wrongfully denied. *See Gonzalez-Lopez*, 548 U.S. at 148.

*Riley*, 165 Ariz. 138, 140, 796 P.2d 940, 942 (1990) ("[I]n the absence of any showing of prejudice to the defendant or to the judicial process, a motion to withdraw [made prior to trial] should be granted."). Furthermore, the situation here did not involve counsel's seeking to withdraw of his own volition but, rather, the defendant himself seeking to substitute retained counsel. *See State v. Paris-Sheldon*, 214 Ariz. 500, ¶ 16, 154 P.3d 1046, 1052 (App. 2007) (distinguishing the two circumstances). In any event, we will not "elevat[e a] technical requirement above [Aragon']s right to counsel of his choice." *See State v. Coghill*, 216 Ariz. 578, ¶ 44, 169 P.3d 942, 953 (App. 2007).

¶9 We thus conclude the trial court's denial of a continuance here constituted an "unreasoning and arbitrary" adherence to its schedule without due regard for Aragon's legitimate request to exercise his right to the counsel of his choice. *See Morris*, 461 U.S. at 11-12. Aragon did not expressly invoke the Sixth Amendment in requesting a continuance for the purpose of substituting counsel.[5] But because "erroneous deprivation of the right to counsel of choice, 'with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error'" and thus cannot be waived, we must reverse

---

[5]Thus, the trial court was given no assistance either in identifying the substantial nature of the right involved or in creating a record to support its denial of a continuance pursuant to *Hein*, 138 Ariz. at 369, 674 P.2d at 1367. We do not suggest that the denial of a defendant's first motion for a continuance, requested to substitute counsel of choice, would necessarily violate his Sixth Amendment right in every case. However, here, we cannot find otherwise absent any record indicating how the delay would impinge on "'the efficient and effective administration of justice.'" *See id.* at 368, 674 P.2d at 1366, *quoting United States ex rel. Carey v. Rundle*, 409 F.2d 1210, 1214 (3rd Cir. 1969).

7

Aragon's convictions and sentences. *See Gonzalez-Lopez*, 548 U.S. at 150, *quoting Sullivan v. Louisiana*, 508 U.S. 275, 282 (1993).

## Disposition

¶10        For the reasons stated, we reverse Aragon's convictions and sentences and remand for a new trial.


_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge