NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN GUARDADO, *Appellant.*

No. 1 CA-CR 15-0198
FILED 3-31-2016

Appeal from the Superior Court in Mohave County
No.  S8015CR201400716
The Honorable Billy K. Sipe, Jr., Judge Pro Tempore
The Honorable Derek Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric K. Knobloch
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

**¶1**        Defendant Steven Guardado challenges his convictions and sentences for the sale and possession of dangerous drugs, possession of drug paraphernalia, and misconduct involving weapons.  He argues the court violated his right to counsel by failing to grant him a continuance to retain his counsel of choice.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        Guardado was watched by the Lake Havasu City Police Department as he sold methamphetamine to an informant once in February 2013 and twice in May 2014.  After the police secured a search warrant and searched Guardado's home and vehicle, they found a gun in his bedroom; recovered some of the money he had received from the informant, of which the police had photocopies; and recovered syringes, a pill bottle filled with methamphetamine, and a glass pipe for smoking methamphetamine. Guardado also admitted to using and selling methamphetamine.

**¶3**        He was indicted for three counts of selling dangerous drugs; possession of dangerous drugs; possession of drug paraphernalia; and misconduct involving weapons.  He went to trial and the jury found him guilty on all counts.  He was subsequently sentenced to a lengthy prison sentence.  We have jurisdiction over his appeal under Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and –4033(A).[2]

### DISCUSSION

---

[1] We view the facts and all reasonable inferences drawn from those facts in the light most favorable to upholding the verdict.  *State v. Tamplin*, 195 Ariz. 246, 246, ¶ 2, 986 P.2d 914, 914 (App. 1999).
[2] We cite the current version of the applicable statutes unless otherwise noted.

**¶4**        The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel, and counsel of choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006).  The right is not absolute, and a trial court is granted "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar."  *Id.* at 152 (citations omitted).  In fact, the decision to grant a defendant's request for a continuance to acquire counsel of choice is "left to the sound discretion of the trial [court]," *State v. Sullivan*, 130 Ariz. 213, 215, 635 P.2d 501, 503 (1981), and will only be disturbed for an abuse of discretion and if the defendant demonstrates prejudice.  *State v. Forde*, 233 Ariz. 543, 555, ¶ 18, 315 P.3d 1200, 1212 (2014) (citations omitted); *State v. Amaya-Ruiz*, 166 Ariz. 152, 164, 800 P.2d 1260, 1272 (1990) (citations omitted).

**¶5**        At the final management conference, some two weeks before trial, Guardado requested a thirty-day continuance to hire a lawyer.  After discussion, including a determination that the prosecutor and defense lawyer were ready for trial as scheduled, the court found there was no legitimate reason for the delay and denied the request.

**¶6**        Citing to *United States v. Gonzales-Lopez*, 548 U.S. at 146, and *State v. Aragon*, 221 Ariz. 88, 210 P.3d 1259 (App. 2009), Guardado argues the court erred by not granting him a continuance to hire a private lawyer. We disagree.

**¶7**        In *Gonzales-Lopez*, after he was arraigned, the defendant called a lawyer, who then flew from California, met with the defendant, and agreed to represent him.  548 U.S. at 142.  The lawyer unsuccessfully filed two applications for admission *pro hac vice*, and then his appeal, in the form of an application for writ of mandamus, was dismissed by the circuit court. *Id.*  The defendant then hired local counsel, but was precluded from having his desired lawyer at counsel table during trial.  *Id.* at 143.  The defendant appealed after being convicted, and the circuit court found that the district court had erred and set aside the conviction.  *Id.* at 143-44.  The United States Supreme Court granted certiorari and affirmed the appellate decision.  *Id.* at 152.

**¶8**        In *Aragon*, the defendant's appointed counsel moved to continue the aggravated DUI trial a week before trial so that a named private lawyer that the defendant wanted to retain could file a notice of appearance "and have enough time to prepare for trial."  221 Ariz. at 89, ¶ 2, 210 P.3d at 1260.  The court immediately denied the request and again declined to continue the trial two days later at the status conference when

the private lawyer appeared and asked to be substituted in as counsel. *Id.* at ¶¶ 2-3. After the defendant was convicted and sentenced to six years in prison, this court addressed the choice-of-counsel legal issue. *Id.* at ¶ 1. In finding that the trial court erred by not granting a continuance to allow the private lawyer to substitute for the appointed counsel, this court noted the following: an unreasoning and arbitrary insistence on going to trial "in the face of a justifiable request for delay violates a defendant's right to counsel of choice," *id.* at 90, ¶ 5, 210 P.3d at 1261 (internal quotes and citation omitted); the defendant had not sought nor been granted prior continuances, *id.* at ¶ 6; the case was not complex and the law enforcement personnel or professionals "routinely juggle their calendars to accommodate court appearances," *id.*; any speedy trial concerns should not have been considered given that time is excluded because of the defendant's request, *id.* at 91, ¶ 7, 210 P.3d at 1262; and "there is no authority to support the court's apparent belief that a first request for a continuance made five or six days before trial is inherently unreasonable," *id.* As a result, this court determined that the denial of the continuance was "erroneous deprivation of the right to counsel of choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error and thus cannot be waived." *Id.* at ¶ 9 (internal quotes omitted).

¶9        Here, unlike *Gonzalez-Lopez* and *Aragon*, Guardado did not have a counsel of choice. He did not name the private lawyer he wanted to hire to represent him, and that lawyer never appeared before or at trial to attempt to represent him. Instead, when he sought the thirty-day trial continuance, his first,[3] Guardado stated he had the money and had met with a lawyer, who had said "he would take it." As a result, he was only looking for the opportunity to attempt to hire a private lawyer of his choosing.

¶10        Although the court denied his request for a continuance even though the State did not oppose it, or even a short continuance of the final management conference, the court did not foreclose Guardado's right to hire a lawyer. Moreover, the court did not foreclose the newly-hired lawyer from seeking a continuance for reasons unrelated to merely being newly

---

[3] Guardado was released from custody some three weeks after his arraignment. During the subsequent six months, the court had granted the defense two continuances before setting a trial date and then continued the status conference a third time after setting the dates for trial and the final management conference.

4

hired. Specifically, the court told Guardado that "you certainly have a chance to still hire a lawyer [and] [i]f you hire an attorney between now and [the trial date] and . . . if [that lawyer] ha[s] some other reason [he or she] wan[ts to] continue the trial, then [the lawyer] can certainly make that request." And the court advised him that if he was going to hire a lawyer he should do it quickly, and Guardado responded, "I will." Guardado did not hire a lawyer, and proceeded to trial with appointed counsel.

¶11 Although this case has some similarities to *Aragon* – the timing of the continuance shortly before trial, the court's focus on getting the case tried, and the competence and preparation of appointed counsel throughout the proceedings - the differences, as noted, are important. Additionally, and unlike *Aragon*, Guardado had unsuccessfully requested a different appointed lawyer some four months earlier, and was told by the court that "[i]f you want, you can hire whoever you want to hire to represent you [and] [i]f you hire somebody to represent you, then you get to pick your own attorney." Guardado did not hire a lawyer at that time, nor at any time before trial. Consequently, because Guardado only sought the opportunity to attempt to hire a lawyer and was given that opportunity, albeit limited, the court did not violate his Sixth Amendment right to counsel of choice by denying his motion for continuance.[4]

## CONCLUSION

¶12 For the foregoing reasons, we affirm Guardado's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[4] If Guardado had hired counsel who appeared by the date of trial and, based on this record, a short continuance had been denied, *Aragon* suggests the appropriate remedy.