NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN GARCIA PAYNE, JR., *Appellant.*

No. 1 CA-CR 18-0717
FILED 11-19-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-134819-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**C R U Z**, Judge:

¶1        John Garcia Payne, Jr. ("Payne") appeals his convictions and sentences for two counts of aggravated driving under the influence (DUI). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Payne was charged with two counts of aggravated DUI, class 4 felonies.  At the time, Payne had five historical prior felony convictions and two non-historical prior felony convictions.

¶3        Kyle Green was appointed to represent Payne.  On October 13, 2017, Payne was arraigned and offered a Fast Track Plea offer of six years, which he rejected.  Later, the State offered a plea of six-and-a-half years, which Payne also rejected.  The trial date was continued twice at Payne's request.  On the first day of trial, and with a jury venire of forty-five persons waiting for jury selection to commence, Payne requested another continuance, stating that he was "looking at getting another attorney" who could better assist him in light of his background and prior conviction history.  Payne noted in particular his concern that his priors were "being used against [him]" by the State in its plea offers.

¶4        Payne alleged that he had spoken with another attorney on the phone, also named "Green," who was willing to represent him.  This other attorney was currently in another trial and needed thirty days until he would be available and prepared to represent Payne.  Payne did not know the attorney's first name or his phone number.  He had never met with this attorney in person and did not have an engagement letter or any other evidence indicating the attorney was in fact willing and able to represent him.

¶5        The superior court denied Payne's request to continue the trial.  The State re-extended its six-and-a-half-year plea deal, although Payne rejected it again, opting to proceed to trial.

**¶6**  After a four-day jury trial, Payne was found guilty of both counts of aggravated DUI and the priors were proven. The superior court sentenced Payne to concurrent ten-year prison terms, and he timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶7**  Payne argues that the superior court violated his constitutional right to counsel by denying his request for a continuance in order to retain private counsel. We review claims of the denial of the right to counsel of choice for structural error and Sixth Amendment claims regarding a defendant's right to counsel *de novo*. *State v. Aragon*, 221 Ariz. 88, 90-91, ¶¶ 9, 4 (App. 2009). Structural errors are those which "deprive defendants of 'basic protections' without which 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence.'" *State v. Ring*, 204 Ariz. 534, 552 ¶ 45 (2003) (quoting *Neder v. United States*, 527 U.S. 1, 8-9 (1999) (citation omitted). We review the superior court's ruling on a request for continuance for an abuse of discretion. *State v. Hein*, 138 Ariz. 360, 368 (1983). The superior court is accorded substantial discretion because it is "in a position to judge the inconvenience of a continuance to the litigants, counsel, witnesses, and the court," and is therefore "in a position to determine whether there are 'extraordinary circumstances' warranting a continuance and whether 'delay is indispensable to the interests of justice.'" *Id.* at 368 (citation omitted).

**¶8**  A criminal defendant has the right to counsel of his choice under the Sixth Amendment of the United States Constitution and Article 2, Section 24 of the Arizona Constitution. *Robinson v. Hotham*, 211 Ariz. 165, 168-69, ¶¶ 12, 16 (App. 2005). However, the right to choose counsel is not absolute, and is subject to the requirements of sound judicial administration. *Hein*, 138 Ariz. at 369. Thus, "[a] trial court has 'wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar.'" *Aragon*, 221 Ariz. at 90, ¶ 5 (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006)).

**¶9**  Whether a denial of a request for a continuance to obtain private counsel violates defendant's constitutional rights depends on the circumstances of a particular case. *Hein*, 138 Ariz. at 369. Courts must consider:

[W]hether other continuances were granted; whether the defendant had other competent counsel prepared to try the case; the convenience or inconvenience to the litigants, counsel, witnesses, and the court; the length of the requested delay; the complexity of the case; and whether the requested delay was for legitimate reasons or was merely dilatory.

*Id.*

¶10        Applying and weighing these factors to this case, the superior court did not abuse its discretion in denying Payne's request for a continuance. The court did not give great weight to any inconvenience on its part, nor did the court believe that Payne's request for a continuance was dilatory. However, the court found there were compelling factors that weighed against granting Payne's request. Two continuances—both at Payne's request—had already been granted.[1] The last request for a continuance was raised by Payne just before jury selection on the first day of trial, so the court properly considered the inconvenience to the prospective jury members waiting outside the court room. The court also considered the inconvenience for the State and its witnesses, who were already scheduled and prepared to testify.

¶11        Most compelling to the court was that Payne already had competent counsel who was prepared to try the case. "If the defendant has other competent counsel prepared for trial, then the court, when considering all the factors, need not tolerate as much inconvenience as in the case where defendant has no other counsel prepared to go to trial." *See Hein*, 138 Ariz. at 369 (citation omitted). Payne failed to allege that his appointed attorney was incompetent or that the two had irreconcilable differences. And attorney Green confirmed with the court that he was prepared for trial.

¶12        Furthermore, there was no certainty in Payne actually retaining the substitute attorney he referenced. He had never met with the attorney face-to-face, he did not have the attorney's contact information, and he did not know the attorney's first name. Although Payne stated that he had spoken once with this attorney on the phone, there was no evidence to suggest Payne had taken any significant steps to hire this new attorney.

---

[1]        Although the superior court stated that only one continuance had been granted during its analysis of the factors, the record indicates that two continuances had been granted.

¶13 On this record, we cannot say that accepting counsel's representation to the court and requiring Payne to proceed to trial deprived him of the basic constitutional and procedural protections necessary to ensure due process. Thus, the superior court's ruling denying Payne's request to seek different counsel did not result in structural error.

¶14 Nor can we say, having carefully reviewed the record, that the denial of Payne's request to continue trial involved "an 'unreasoning and arbitrary' adherence to [the court's] schedule without due regard for" Payne's request "to exercise his right to the counsel of his choice." *Aragon*, 221 Ariz. at 91, ¶ 9 (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). Therefore, the court did not abuse its discretion in denying Payne's request for a continuance.

**CONCLUSION**

¶15 For the foregoing reasons, we affirm Payne's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA