NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TIM JAMES WALKENBACH, *Petitioner,*

*v.*

THE HONORABLE STEPHEN M. HOPKINS, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

STATE OF ARIZONA ex rel. ALLISTER ADEL, Maricopa County
Attorney, *Real Party in Interest.*

No. 1 CA-SA 21-0043
FILED 4-22-2021

Petition for Special Action from the Superior Court in Maricopa County
No.  CR2021-006033-001
The Honorable Stephen M. Hopkins, Judge

**JURISDICTION ACCEPTED AND RELIEF GRANTED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Jason Ceola
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Lacey A. Fisher, Faith Cheree Klepper
*Counsel for Real Party in Interest State*

DM Cantor, Phoenix
By David M. Cantor
*Counsel for Real Party in Interest Walkenbach*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1        Tim Walkenbach petitions for special action relief from the trial court's denial of his motion to substitute retained counsel and the public defender's motion to withdraw. For the following reasons, we accept jurisdiction and grant relief.

**FACTS AND PROCEDURAL HISTORY**

¶2        In November 2020, Walkenbach was charged with a felony offense and retained private counsel who filed a notice of appearance on his behalf. In January 2021, Walkenbach was charged with a felony offense in a separate case. Retained counsel was listed as counsel in that case "for a limited purpose." Walkenbach was then found indigent and was appointed a public defender. Later, retained counsel filed a notice of appearance in that case. The trial court ordered that retained counsel file a notice of substitution if counsel wanted to substitute as lead counsel. Until that time, the public defender remained lead counsel with retained counsel listed as co-counsel.

¶3        Retained counsel filed a stipulated notice of substitution but the trial court denied the motion because retained counsel had not indicated that he would be prepared for trial on or after August 3, 2021, as Arizona Rule of Criminal Procedure 6.3(c)(2) required. Thereafter, the public defender moved to withdraw, asserting that Walkenbach wanted to exercise his right to retained counsel and that the public defender had not received any discovery. The trial court denied the motion. This special action followed.

## JURISDICTION

**¶4**        We accept special action jurisdiction here because the denial of a public defender's request to withdraw as counsel is non-appealable and Walkenbach has "no equally plain, speedy, and adequate remedy by appeal." S*ee Robinson v. Hotham*, 211 Ariz. 165, 168 ¶ 8 (App. 2005).

## DISCUSSION

**¶5**        Walkenbach argues that the trial court's denial of his motion to substitute retained counsel and the denial of the public defender's motion to withdraw are contrary to law. We review the denial of a motion to withdraw for an abuse of discretion, *Robinson*, 211 Ariz. at 168 ¶ 9, which is "discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons," *State v. Fell*, 242 Ariz. 134, 136 ¶ 5 (App. 2017).

**¶6**        The trial court abused its discretion by denying Walkenbach's motion to substitute retained counsel. An indigent defendant has the right to choose representation by retained counsel "unless reasons of judicial administration, justice, or other special circumstances outweigh this right." *Robinson*, 211 Ariz. at 169 ¶ 16. A court should deny a defendant's choice of retained counsel only if counsel is incompetent or has a conflict of interest, or if appointing retained counsel would cause an unreasonable delay in the proceedings. *Id.* at ¶ 14.

**¶7**        None of these exceptions apply here. The trial court did not indicate that retained counsel was incompetent or had a conflict of interest. Even if the trial court were concerned that substitution of retained counsel would cause an unreasonable delay in the proceedings, the mere fact that a continuance of trial may be necessary is insufficient to deny a motion to substitute counsel. *See State v. Aragon*, 221 Ariz. 88, 91 ¶ 9 (App. 2009). Moreover, even if the public defender remained lead counsel, a continuance of trial was likely because, at the time of the motion, discovery had not begun.

**¶8**        The trial court's reliance on Arizona Rule of Criminal Procedure 6.3(c)(2) to deny Walkenbach's motion to substitute counsel was incorrect. Appointed counsel may not withdraw once a case is set for trial unless current counsel files a motion that includes, among other things, a statement from new counsel acknowledging the trial date and avowing that new counsel will be prepared for trial. Ariz. R. Crim. P. 6.3(c)(2). This rule, however, was primarily intended to protect the rights of defendants. *Aragon*, 221 Ariz. at 91 ¶ 8 (noting that failure to file a motion to withdraw pursuant to Rule 6.3(c) did not prevent the substitution of counsel).

**¶9**        The situation here, as in *Aragon*, did not involve the public defender's seeking to withdraw on his own volition but Walkenbach's seeking to substitute retained counsel. *See id.* at 91 ¶ 8. As a result, the denial of Walkenbach's motion to substitute counsel did not serve Rule 6.3(c)'s purpose, and we will not elevate that rule's technical requirement over Walkenbach's right to counsel of choice. *See id.* The trial court therefore abused its discretion by denying Walkenbach's motion to substitute counsel and by denying the public defender's motion to withdraw.

**CONCLUSION**

**¶10**        For the foregoing reasons, we accept jurisdiction and grant relief.



AMY M. WOOD • Clerk of the Court
FILED: AA