NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES WASHINGTON GREEN, *Appellant*.

No. 1 CA-CR 21-0262
FILED 8-4-2022

---

Appeal from the Superior Court in Mohave County
No. S8015CR201900961
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Tucson
By Alexander M. Taber
*Counsel for Appellee*

R&R Law Group, Scottsdale
By Ryan W. Cummings, Robert Francis Gruler, Jr.
*Co-Counsel for Appellant*

Charity Clark Law, PLLC, Chandler
By Charity Clark
*Co-Counsel for Appellant*

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

**S W A N N**, Judge:

¶1 A jury convicted James Washington Green III of unlawful flight from a pursuing law enforcement vehicle. Green appeals his conviction, challenging the superior court's denial of his motion to continue his trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In June 2019, Green was charged with one count of unlawful flight from a pursuing law enforcement vehicle after failing to pull over for a fully marked police car with activated lights and sirens. Green retained Dwane Cates Law Group as private counsel. In August 2019, Green moved to continue the pretrial conference from August to September due to an attorney scheduling conflict. The court granted the continuance. At the September conference, Attorneys for Freedom Law Firm indicated that the firm would be moving to substitute as counsel, and the status conference was continued to October at the court's suggestion.

¶3 At the end of September, Green again moved to continue the status conference because Attorneys for Freedom Law Firm had substituted as counsel. The court continued the status conference to November.

¶4 At the end of October, Green moved to continue the November status conference because the parties needed additional time to negotiate a plea deal. The court continued the status conference to December. At the December status conference, trial was set for April 20, 2020.

¶5 In February 2020, Green moved to continue the trial because he needed additional time to prepare. After a hearing, the court continued the trial to May 4, 2020.

¶6 A series of delays occurred because of the COVID-19 pandemic. The court first continued the trial to June 15, 2020. The court later vacated the June trial date due to the limited number of jury trials, and

scheduled a status conference for June. At the June status conference, trial was set for September 25, 2020.

**¶7** At the final management conference in September, the state moved to continue the trial because the parties were not prepared. The court continued the trial to January 25, 2021. In December 2020, Attorneys for Freedom Law Firm withdrew as counsel because the attorney–client relationship had broken down. The court appointed a public defender to represent Green.

**¶8** At the final management conference in January 2021, Green informed the court that he did not want to be represented by a public defender and would be retaining private counsel. The court then vacated the January trial date and set a status conference for February.

**¶9** Green failed to appear at the February status conference. The court issued a bench warrant and allowed appointed counsel to withdraw. At Green's initial appearance later that month, the court informed Green of appointed counsel's withdrawal and acknowledged Green's statement that he had retained private counsel.

**¶10** At a March status conference, Green requested court-appointed counsel. The court reappointed the public defender, and trial was set for May 17, 2021. At the final management conference in April, Green expressed concern about appointed counsel's lack of preparedness. The court found that all parties were ready to proceed with trial. One week before trial, another public defender, Jon Gillenwater, stepped in as counsel for Green.

**¶11** On the morning of trial, Green moved to continue the trial to substitute R&R Law Group as counsel and allow them time to prepare. The state opposed the continuance under *State v. Hein*, 138 Ariz. 360 (1983), because Green had been granted previous continuances, the motion was made the morning of trial, and the trial date had been set for some time. Green told the court that he had never spoken to Gillenwater, never had a strategy session, and had no idea who Gillenwater was or where he worked. Gillenwater assured the court that he was consistently briefed on the case by former counsel and was prepared for trial. The court denied the motion, reasoning that it had set the case for trial in May based on Green's desire to be tried as quickly as possible.

**¶12** The trial proceeded with appointed counsel. The jury found Green guilty as charged, and the court sentenced him to three years of supervised probation.

¶13        Green appeals.

## DISCUSSION

¶14        Green argues the superior court violated his constitutional right to counsel of choice by denying his motion to continue to allow his newly retained attorney time to prepare for trial. We review the court's denial of a motion to continue for abuse of discretion. *State v. Forde*, 233 Ariz. 543, 555, ¶ 18 (2014). We review de novo claims implicating a defendant's Sixth Amendment right to counsel. *State v. Ramos*, 239 Ariz. 501, 505, ¶ 15 (App. 2016). We will affirm the court's decision if it is "legally correct for any reason." *State v. Espinoza*, 229 Ariz. 421, 424, ¶ 15 (App. 2012).

¶15        The Sixth Amendment guarantees a criminal defendant the right to counsel of his choice. *Hein*, 138 Ariz. at 368; *see also* Ariz. Const. art. 2, § 24. But this right is not absolute, and the court retains "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar." *State v. Aragon*, 221 Ariz. 88, 90, ¶ 5 (App. 2009) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006)). In weighing these competing interests, the court considers:

> whether other continuances were granted; whether the defendant had other competent counsel prepared to try the case; the convenience or inconvenience to the litigants, counsel, witnesses, and the court; the length of the requested delay; the complexity of the case; and whether the requested delay was for legitimate reasons or was merely dilatory.

*Hein*, 138 Ariz. at 369.

¶16        Although the court did not expressly refer to the factors set forth in *Hein* in denying Green's motion to continue, the record supports the court's decision under *Hein*. Green requested and secured prior continuances for status conferences and trial. The court also continued the January 2021 trial date to allow Green to retain private counsel. But Green did not retain private counsel, and the court reappointed the public defender as counsel.

¶17        Green also had competent counsel. Green told the court that he had never talked to Gillenwater, but later admitted that Gillenwater had called him to discuss the case before trial. Gillenwater assured the court he was prepared for trial, just with a different defense strategy than Green.

**¶18** Green's motion to continue was raised on the morning of trial. Green argues the witnesses would not have been inconvenienced by the continuance because one of the state's witnesses was already appearing by Zoom and the only other witnesses were Green and the law enforcement officer involved in the case. Green admits, however, that the continuance would have resulted in a slight inconvenience to the jurors who were present and ready to be sworn. The court was also operating with limited availability for jury trials due to the COVID-19 pandemic.

**¶19** The case was not complex. It consisted of only one count and was tried within two days including jury selection. *See Hein*, 138 Ariz. at 369 (suggesting the "straightforward" nature of the case did not support a continuance).

**¶20** Green's case had been pending for nearly two years. He had ample time and opportunity to retain private counsel before trial and, in fact, retained two different law firms throughout the course of the proceedings. Green also admitted that R&R Law Group had been kept up to speed on his case since the beginning. The court could reasonably conclude that Green's last-minute motion to allow R&R Law Group to prepare a defense was merely a dilatory tactic.

**¶21** On these facts, we cannot say the superior court abused its discretion in denying Green's motion to continue. The court therefore did not infringe upon Green's Sixth Amendment right to counsel of choice.

**¶22** In support of his argument, Green relies on *State v. Aragon*, 221 Ariz. 88 (App. 2009), contending it controls the outcome here. In *Aragon*, the defendant requested a continuance six days before trial to allow his private counsel to appear and prepare for trial. *Id.* at 89, ¶ 2. The defendant had not sought nor been granted prior continuances. *Id.* at 90, ¶ 6. We concluded the superior court erred in denying the request to continue under Arizona Rule of Criminal Procedure ("Rule") 8. *Id.* at 91, ¶ 7. Although Rule 8 requires cases to be tried within a defined timeframe, we found that the time would have been excludable under Rule 8.4(a) as a delay occasioned by the defendant. *Id.* We also found that a request to continue six days before trial was not inherently unreasonable. *Id.* We disagree that *Aragon* compels reversal on these facts.

**¶23** Here, in denying the motion to continue, the court relied on Green's previously articulated desire to be tried as soon as possible in the context of his prior continuances and morning-of-trial motion. The court did not improperly invoke nor rely on Rule 8.

## CONCLUSION

¶24      We affirm Green's conviction and probation term.



AMY M. WOOD • Clerk of the Court
FILED:   AA